

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2007

# USA v. Robinson

Precedential or Non-Precedential: Precedential

Docket No. 05-5330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Robinson" (2007). *2007 Decisions.* Paper 1042.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1042

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  05-5330
_____

UNITED STATES OF AMERICA

v.

SHAWN ROBINSON,

                              Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 04-cr-00421
District Judge: Hon. Jerome B. Simandle

_____

Submitted under Third Circuit LAR 34.1(a)
February 27, 2007

Before: McKEE and ALDISERT, <u>Circuit Judges</u>, and
RESTANI,* <u>Judge</u>


(Filed: March 5, 2007)


Christopher J. Christie, Esquire
United States Attorney
George S. Leone, Esquire
Chief, Appeals Division
Caroline A. Sadlowski, Esqire
Assistant United States Attorney
970 Broad Street
Newark, New Jersey 07102

Counsel for Appellee

John F. Renner, Esquire
Pavilions at Greentree, Suite 401
12000 Lincoln Drive
Marlton, New Jersey 08053

Counsel for Appellant


_____

  * The Honorable Jane A. Restani, Chief Judge, U.S. Court of
International Trade, sitting by designation.

2

---

OPINION

---

ALDISERT, <u>Circuit Judge</u>.

On May 4, 2005, Shawn Robinson pleaded guilty to 10 counts of cocaine possession with the intent to distribute. <u>See</u> 21 U.S.C. § 841(a)(1), (b)(1)(C). The District Court for the District of New Jersey sentenced Robinson to 150 months' imprisonment and three years' supervised release. Robinson now appeals his punishment. He contends that the use of hearsay evidence at his sentencing hearing violated his Sixth Amendment right to confront his accusers. We conclude that Appellant's argument lacks merit and, accordingly, we will affirm the judgment of the District Court.

I.

During a 10-month police investigation in Penns Grove, New Jersey, Robinson sold undercover informants approximately 167 grams of cocaine and 62 grams of crack cocaine. Robinson was subsequently arrested and charged with a twelve-count indictment. In May of 2005, he signed a plea agreement; the government dropped two charges of crack cocaine possession and Robinson pleaded guilty to 10 counts of cocaine possession with intent to distribute.

At the sentencing hearing, to the surprise of the prosecutor, Robinson claimed that he was set up by the government. He insisted that he only sold drugs to the undercover informant, and only as a result of the informant's prodding. To rebut this contention, Sergeant Brian Facemyer of the Salem County Narcotics Task Force presented hearsay testimony that Robinson sold drugs to at least seven different buyers. Facemyer explained that seven of Robinson's regular customers provided taped, sworn statements admitting they had purchased cocaine from Robinson. Based on their admissions, six of the buyers then pleaded guilty to drug-related offenses.

Concerned about his credibility, Robinson challenged the introduction of Facemyer's hearsay testimony. Appellant argued that under the Sixth Amendment's Confrontation Clause he had the right to cross-examine the seven individuals who accused him of dealing cocaine. The Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. To support his position, Robinson cited Crawford v. Washington, 541 U.S. 36 (2004), a Supreme Court case that examines the Sixth Amendment right to confront accusers at trial. The District Court rejected Appellant's argument and considered Facemyer's testimony in fashioning Robinson's sentence. Robinson now appeals.

## II.

This case asks us to decide if the Sixth Amendment's Confrontation Clause prevents the government from introducing hearsay evidence during sentencing hearings. Put another way: do criminal defendants have the right to cross-examine out-of-court witnesses during the sentencing phase? The law on this issue is well settled. Both the Supreme Court and this Court of Appeals have determined that the Confrontation Clause does not apply in the sentencing context and does not prevent the introduction of hearsay testimony at a sentencing hearing. See Williams v. Oklahoma, 358 U.S. 576, 584 (1959); United States v. Kikumura, 918 F.2d 1084, 1099-1100 (3d Cir. 1990) (holding that the Confrontation Clause only applies at trial, not sentencing).

Robinson makes a valiant attempt to outflank the clear precedent of this Court. He argues that the Supreme Court's recent decision in Crawford v. Washington mandates that we reevaluate how the Sixth Amendment applies to sentencing. We disagree. In Crawford, the Supreme Court held that in a *criminal trial* the Confrontation Clause prohibits consideration of out-of-court testimonial statements, unless the witness is unavailable and the defendant has had a previous opportunity to conduct cross-examination. See 541 U.S. at 68. Crawford, however, never applies its rule to sentencing; nowhere does the decision refer to sentencing hearings. Crawford, therefore, provides no platform to reverse prior Supreme Court decisions that expressly allow the introduction of hearsay evidence in the sentencing

5

context.[1]

Prosecutors, of course, may not introduce any and all hearsay testimony at a sentencing proceeding. The admission of hearsay statements in the sentencing context is subject to the requirements of the Due Process Clause. Under the precedent of this Court, hearsay statements must have some "minimal indicium of reliability beyond mere allegation." Kikumura, 918 F.2d at 1102 (citations omitted); see also U.S.S.G. § 6A1.3(a) (courts may consider any evidence at sentencing "provided that the information has sufficient indicia of reliability to support its probable accuracy"). The evidence offered by the Government through the testimony of Sergeant Facemyer easily passes this test. The District Court noted that Facemyer's testimony was supported by audiotapes of Robinson talking with his buyers and taped sworn statements of those buyers admitting they purchased cocaine from Robinson on multiple occasions. Considering the footprint left by this evidence, the District Court's decision to allow the hearsay testimony was warranted. Accordingly, we affirm the sentence imposed by the District Court.

---

[1] We also note that none of our sister Courts of Appeals have interpreted Crawford to apply to sentencing hearings. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005); United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005).

\* \* \* \* \* \*

For the reasons detailed above, we will affirm the judgment of the District Court.