

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# USA v. Alex Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Alex Santiago" (2009). *2009 Decisions*. Paper 1197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1568

_____

UNITED STATES OF AMERICA

v.

ALEX SANTIAGO,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00318-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2009

Before:  RENDELL and GARTH, Circuit Judges,
and PADOVA, District Judge*.

(Filed: June 11, 2009 )
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

　　Alex Santiago appeals his sentence, arguing that insufficient evidence supported

_____

　　* Honorable John R. Padova, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

the District Court's determination that he was an "organizer, leader, manager, or supervisor in any criminal activity" under U.S.S.G. § 3B1.1(c). Because the District Court properly applied the Guidelines based on sufficient evidence before it, we will affirm.

Santiago pled guilty to "conspiracy to distribute and possess with intent to distribute" 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 846. (App. 23). The District Court determined that Santiago was an "organizer, leader, manager, or supervisor in any criminal activity" under U.S.S.G. § 3B1.1(c) and, accordingly, sentenced Santiago to the statutory minimum term of 120 months in prison.[1] We review Santiago's sentence for reasonableness. *See United States v. Sevilla*, 541 F.3d 226, 230-32 (3d Cir. 2008). Our decision in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), *criticized on other grounds by Spears v. United States*, 129 S. Ct. 840 (2009), instructs a district court to follow a three-step process to determine an appropriate sentence, which includes calculating a defendant's sentence under the Guidelines, formally ruling on any motions by the parties and stating on the record whether it is granting a departure, and providing meaningful consideration to the 18 U.S.C. § 3553(a) factors. *See United States v. Smalley*, 517 F.3d 208, 211 (3d Cir. 2008). Santiago's challenge focuses on the District Court's step one analysis. Specifically, Santiago

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and (a)(2).

2

contends that the District Court's determination of his "manager" status under § 3B1.1(c) rested on hearsay evidence and was not supported by the record.

Whether a defendant satisfies an aggravating factor under § 3B1.1 is a question of fact, on which the government bears the burden of proof by a preponderance of the evidence. *United States v. Brothers*, 75 F.3d 845, 848 (3d Cir. 1996); *United States v. Ortiz*, 878 F.2d 125, 127 (3d Cir. 1989). We review a district court's factual findings supporting a role enhancement for clear error, *United States v. Helbling*, 209 F.3d 226, 242-43 (3d Cir. 2000), but exercise plenary review of questions of law, including the proper construction of the Guidelines, *id.* at 243, and the admissibility of hearsay evidence, *Brothers*, 75 F.3d at 848.

Santiago's first argument is that the District Court's § 3B1.1(c) determination rested on impermissible hearsay evidence. At sentencing, Agent Mark Andrasi testified that Santiago used "runners" to deliver drugs to a Drug Enforcement Agency ("DEA") informant during several controlled drug buys. (App. 91). Andrasi's testimony was based on information conveyed to him by drug task force members participating in these buys. (App. 92-93). Santiago contends that the task force members' communications to Andrasi constitute inadmissible hearsay. Hearsay evidence is admissible in sentencing proceedings, provided it has "sufficient indicia of reliability to support its probable accuracy." *Brothers*, 75 F.3d at 848 (quoting *United States v. Sciarrino*, 884 F.2d 95, 98 (3d Cir. 1989)) (noting that "use of hearsay in making findings for purposes of Guidelines

3

sentencing violates neither the Sentencing Reform Act of 1984 nor the Due Process Clause," but that to avoid "misinformation of constitutional magnitude," such testimony must have sufficient indicia of reliability); *see also* U.S.S.G. § 6A1.3(a) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

Here, we have little trouble concluding that the task force members' statements to Andrasi possessed the requisite degree of reliability. As participants in the transactions, the taskforce members had reliable first-hand knowledge of whether Santiago used runners. *See United States v. Paulino*, 996 F.2d 1541, 1548 (3d Cir. 1993) ("An agent's recital of events concerning discussions with a reliable confidential informant, and recollection of a conversation relayed to another federal agent working on the same case, meet the standard of minimum indicia of reliability."). Further, the hearsay statements concern general information rather than particularized facts, such as the precise amount of drugs dealt – specific information about which we have required a higher degree of reliability. *Brothers*, 75 F.3d at 848-49; *see also United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993) (noting presumptive unreliability of hearsay evidence as to drug quantity). The hearsay declarants here – DEA agents – were also credible. *Compare United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (finding that police officer's testimony "easily passes" reliability test), *with United States v. Miele*, 989 F.2d 659, 664

4

(3d Cir. 1993) (finding unreliable hearsay statements by addict informant with poor memory). Santiago does not identify any evidence inconsistent with Andrasi's assertions. *See Miele*, 989 F.2d at 664 (noting that the "vast disparity between Habera's [informant's] estimate in the PSI and the significantly lower estimates he provided at the co-defendants' trial casts doubt on the reliability of the PSI's estimate"). Accordingly, the District Court properly considered Andrasi's testimony.

Santiago next argues that insufficient evidence supported the District Court's determination that Santiago was a "manager" of criminal activity in the timeframe specified in the indictment — December 2005 to September 2006. However, co-defendant Julio Cunde testified that between July and September of 2006, he and another individual, Flaco, "cooked" and distributed crack for Santiago.[2] (App. 64, 66, 68, 70, 72).

For the foregoing reasons, we conclude that adequate evidence supported the District Court's determination that Santiago was an "organizer, leader, manager, or supervisor in any criminal activity" under U.S.S.G. § 3B1.1(c). The order of the District Court will be AFFIRMED.

---

[2] Santiago also contends that the District Court should have applied the "safety valve" provisions, 18 U.S.C. § 3553(f)(4) and U.S.G.G § 5C1.2(a)(4), and granted an additional two-level decrease in the base offense level under U.S.G.G § 2D1.1(b)(11), rather than impose the statutory minimum sentence of 120 months. The District Court correctly concluded that the "safety valve" provisions were inapplicable, and that imposition of the statutory minimum sentence was mandatory, because Santiago was a manager of criminal activity under § 3553(f)(4) and § 5C1.2(a)(4).