OPINION

SLOVITER, Circuit Judge.
Michael W. Clark, who entered an open guilty plea to the offense of receiving and distributing child pornography, appeals his sentence of 210 months incarceration. We will affirm.
I.
In February 2007, Clark used an internet screen name to contact “Angie,” an undercover postal inspector identifying himself online as a thirty-two-year-old mother of two young daughters, aged twelve and eight. Clark sent “Angie” at least fifty images of child pornography, offered her $400 for sex with her and her twelve-year-old daughter, and sent $40 to “Angie” so that she would send nude, sexually explicit photographs of herself and both her daughters to Clark. A controlled delivery of pornography to Clark led to his arrest, and a subsequent search of his residence uncovered at least 1,000 digital images and seventy videos of suspected or known child pornography, as well as at least 750 images of adults involved in sexual activity with infants and toddlers. Clark was indicted for knowingly attempting to persuade, induce, entice, and coerce a minor to engage in sexual activity, knowingly receiving and distributing child pornography, and knowingly possessing child pornography. He pleaded guilty to receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2) in exchange for the dismissal of the remaining charges.
The Probation Office of the United States District Court for the Middle District of Pennsylvania prepared a Presen-tencing Report (“PSR”), calculating Clark’s effective sentencing range to be 210 to 240 months imprisonment.[1] The PSR also included victim impact statements representing victims identified in two of the series of images found in Clark’s possession. The names of the vic *183 tims and their family members had been redacted from these statements, and the statements did not refer to Clark’s prosecution or sentencing. However, the “Victim Impact” section of the PSR explained that:
Child pornography images recovered from the computer of Michael Clark were analyzed through the Child Victim Identification Program (CVIP) from the National Center for Missing and Exploited Children. The CVIP report identified fifty-eight series of child pornography images on the defendant’s computer that portray known victims ....
Six victims from these identified series have requested to be notified each time their images appear in a child pornography prosecution, and two have submitted written victim impact statements.
PSR at ¶ 18-19.
Clark objected to the inclusion of the victim impact statements in the PSR, arguing that they “be stricken from the report as unreliable.” Clark Objection to PSR at 3. This objection did not relate to the calculation of Clark’s Guidelines range.[2] The District Court ruled that the victim impact statements were properly included in the PSR and sentenced Clark to 210 months imprisonment, concluding “that a sentence at the low end of the guideline range [was] sufficient to meet sentencing requirements.” App. at 43. The Court also imposed a lifetime term of supervised release, a below-guidelines fine of $1,500, a special assessment of $100, and recommended that Clark be evaluated for sex offender treatment.[3] Clark appeals.
II.
Clark contends that the District Court violated his procedural due process rights by permitting the inclusion of the victim impact statements in the PSR because the statements were “unsubstantiated, unrelated, irrelevant and unreliable” hearsay. Appellant’s Br. at 9. We disagree.[4]
First, contrary to Clark’s argument that the victim impact statements are not related to his case, the PSR clearly explains that the statements concern young women that the CVIP identified in the series of images found in Clark’s possession. One statement attached to Clark’s PSR is from the mother of a young victim depicted in what the CVIP has identified as the “Jan — Feb” series. The three other statements are from a victim depicted in the “Vicky” series, as well as her mother and stepfather. Clark is correct that these statements were not specifically written with reference to his sentencing. Nevertheless, as the prosecutor noted at the sentencing hearing, these statements are “not just generic-this is not just a generic statement from someone whose images were not found among Mr. Clark’s.” App. at 34. The law does not require that a victim of child pornography write a new statement every time someone is sentenced for possessing or distributing a pornographic image of him or her.
Second, the inclusion of the victim impact statements here was proper pursuant to the Crime Victims’ Rights Act, which *184 provides that “[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded ... [t]he right to be reasonably heard at any public proceeding in the district court involving ... sentencing.” 18 U.S.C. § 3771(b), (a)(4); see also U.S.S.G. § 6A1.5 (“[T]he court shall ensure that the crime victim is afforded the rights described in 18 U.S.C. § 3771 and in any other provision of Federal law pertaining to the treatment of crime victims.”).[5] Moreover, redacting the names of the victims and their family members was also consistent with the Crime Victims’ Rights Act, which specifically codified the victim’s “right to be treated with fairness and with respect for the victim’s dignity and privacy.” 18 U.S.C. § 3771(a)(8). Clark can identify no authority requiring that a victim’s identity be revealed in a victim impact statement.
Third, the victim impact statements were not inadmissible hearsay in the context of a sentencing proceeding. The Federal Rules of Evidence do not apply to sentencing hearings, Fed.R.Evid. 1101(d)(3), and “the Confrontation Clause ... does not prevent the introduction of hearsay testimony at a sentencing hearing,” United States v. Robinson, 482 F.3d 244, 246 (3d Cir.2007) (citations omitted). Instead, “[t]he admission of hearsay statements in the sentencing context is subject to the requirements of the Due Process Clause,” meaning that “hearsay statements must have some ‘minimal indicium of reliability beyond mere allegation.’ ” Id. (quoting United States v. Kikumura, 918 F.2d 1084, 1102 (3d Cir.1990)); see also U.S.S.G. § 6A1.3(a) (at sentencing, “the court may consider relevant information ... provided that [it] has sufficient indicia of reliability to support its probable accuracy”).
The victim impact statements in Clark’s case easily meet this standard. The individuals who were the subjects of these victim impact statements were identified using the Child Victim Identification Program from the National Center for Missing Children to analyze the pornographic images on Clark’s computer. As such, the victim impact statements had sufficient in-dicia of reliability to support their inclusion in the PSR. Clark has provided no evidence from which we might conclude otherwise.[6]
III.
For the above-stated reasons, we will affirm the judgment of conviction and sentence.

. Clark’s sentence was calculated under the 2007 version of the U.S. Sentencing Guidelines Manual ("U.S.S.G.” or "Guidelines”).

. Clark withdrew the objections he had initially submitted related to his Guidelines range, and limited his objections to the victim impact statements.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a).

.We conduct "plenary review of questions of law, such as the admissibility of hearsay statements,” and review the District Court's factual findings for clear error. United States v. Brothers, 75 F.3d 845, 848 (3d Cir.1996).

. “[T]he term 'crime victim’ means a person directly and proximately harmed as a result of the commission of a Federal offense....” 18 U.S.C. § 3771(e).

. Moreover, we note that the District Court imposed a sentence at the very bottom of the Sentencing Guidelines range and that nothing in the record suggests that the District Court actually relied on the victim impact statements in imposing Clark's sentence.