OPINION
BARRY, Circuit Judge.
Reginald Greene appeals from the sentence imposed by the District Court. We will affirm.[1]
*210 Because we write solely for the parties, we will not set forth the facts of the case except as necessary to our decision.[2] In April 2008, Greene pled guilty, without a plea agreement, to seven counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of conspiring to engage in money laundering, in violation of 18 U.S.C. § 1956(h); and one count of money laundering, in violation of 18 U.S.C. § 1957(a). The charges stemmed from Greene’s scheme to defraud a mortgage company by altering wire transfer instructions to divert funds to himself and others.
At sentencing, the government urged the District Court to apply a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, alleging that Greene instructed his former girlfriend to misrepresent the source of the diverted funds to the FBI and providing grand jury testimony and FBI reports to support its request. This enhancement had been originally recommended in Greene’s pre-sentence investigation report (“PSR”) but removed after he objected and the government failed to provide evidence substantiating the enhancement. Greene, in turn, argued that the Probation Officer improperly applied the 2008 Sentencing Guidelines (in effect at the time of sentencing) rather than the 2002 Guidelines (in effect at the time of the offense conduct), where the 2002 Guidelines provided for a lower base offense level. The Court adjourned the sentencing hearing to allow for supplemental briefing and subsequently held a second hearing at which it determined that it would apply the 2002 Guidelines, as well as the two-level obstruction of justice enhancement. It calculated Greene’s offense level at 28. With a criminal history category of VI, the applicable Guidelines range was 140-175 months imprisonment. Greene was sentenced to 172 months imprisonment, and timely appealed.
Greene argues, first, that the government arbitrarily and unreasonably refused to file a motion pursuant to U.S.S.G. § 5K1.1, which provides: “Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.” Section 5K1.1 “gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.” Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). District courts have authority to review the[1] government’s discretionary decision not to file a § 5K1.1 motion and may “grant a remedy if they find that the refusal was based on an unconstitutional motive” or when its “refusal to move was not rationally related to any legitimate Government end.” Id. at 185-86, 112 S.Ct. 1840; see also United States v. Abuhouran, 161 F.3d 206, 211-12 (3d Cir.1998). We have reviewed the record and conclude without further discussion, for reasons of which the parties are aware, that the government’s decision not to file a § 5K1.1 motion was not based on an unconstitutional motive and was clearly related to a legitimate government end. Greene’s argument to the contrary is without merit.
Greene argues, next, that the District Court improperly applied the obstruction of justice enhancement because the government’s request for it was untimely. See Fed.R.Crim.P. 32(f)(1) (requiring parties to make objections to a PSR within fourteen days of receipt). A court may, however, for good cause permit parties to *211 make objections at any time before sentence is imposed. Fed.R.Crim.P. 32(i)(l)(D). We reject Greene’s argument for two reasons. First, he was not prejudiced by the timing of the government’s request. The issue was raised in the government’s sentencing memorandum, and Greene had ten days after the Court adjourned the first sentencing hearing to respond to the government’s enhancement argument at the second sentencing hearing. Second, Greene himself raised an untimely objection at sentencing that was ultimately sustained by the Court.
Finally, we reject Greene’s argument that the District Court abused its discretion by not holding an evidentiary hearing on the obstruction of justice enhancement. “[T]he Confrontation Clause does not apply in the sentencing context and does not prevent the introduction of hearsay testimony at a sentencing hearing.” United States v. Robinson, 482 F.3d 244, 246 (3d Cir.2007) (citations omitted). Hearsay testimony must have, however, “some minimal indicium of reliability beyond mere allegation.” Id. (internal quotation marks and citation omitted); see also U.S.S.G. § 6A1.3(a). The Court concluded that this standard was satisfied, and Greene has offered us no reason to find otherwise.[3]
We will affirm the judgment of sentence.[4]

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

. We note that the Honorable Stewart Dalzell, who sits by designation on this panel, was the District Court Judge when, in 1999, Greene was convicted and sentenced in an unrelated matter. We do not believe that this presents a conflict, and Greene does not suggest that it does.

. The Court found that the facts presented by the government with respect to the obstruction of justice enhancement were reliable and essentially uncontested. Greene’s former girlfriend, Lisa Mitchell, had testified to these facts before the grand jury and apparently confirmed them during her own criminal proceeding before the same District Court Judge. The Court noted that Mitchell, under oath both before the grand jury and before the Court, stated unequivocally that Greene directed her to make false statements to the FBI.

. Because we will affirm Greene’s sentence, we need not reach the government’s argument as to whether the ex post facto clause applies to the Guidelines now that they are advisory only.