NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4594
_____

UNITED STATES OF AMERICA

v.

DONATO RODRIGUEZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00614-001)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 29, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and RAKOFF,[*] *District Judge*.

(Filed: July 2, 2012  )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Donato Rodriguez ("Rodriguez") appeals from a judgment of sentence entered by

the District Court.  For the reasons set forth below, we will affirm.

_____

[*] The Honorable Jed S. Rakoff, District Judge for the United States District Court
for the Southern District of New York, sitting by designation.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On April 21, 2010, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging Rodriguez, Michelle Mota ("Mota"), Josephina Torres ("Torres"), and Raul Rodriguez with various offenses related to a heroin distribution ring. On May 18, Rodriguez pled guilty to all counts. On December 2, the District Court held a sentencing hearing, in which Rodriguez raised several challenges to the Presentence Investigation Report ("PSR"). Specifically, he argued that he was not an organizer, leader, manager, or supervisor of a conspiracy involving five or more participants, and thus should not be subject to a four-level upward adjustment under U.S.S.G. § 3B1.1. In response to this objection, the Government presented testimony from DEA Task Force Officer Iran Millan ("Officer Millan"). Officer Millan testified that co-defendants Torres and Mota met with the Government in proffer meetings and provided information about Rodriguez's leadership role in the drug conspiracy, and the involvement of individuals other than the four co-defendants.

The District Court overruled Rodriguez's objection and applied the upward adjustment, concluding that the Government had demonstrated, by a preponderance of the evidence, that Rodriguez was the leader of an organization involving five or more

2

persons.  The Court calculated Rodriguez's offense level at 29 and he was placed in criminal history category II.  The resulting Guidelines range was 97 to 121 months' imprisonment.  The District Court imposed a sentence of 97 months, to be followed by a four year term of supervised release.  Rodriguez filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and review factual findings for clear error.  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

## III.

Rodriguez argues that the District Court erred by applying a four-level upward adjustment under U.S.S.G. § 3B1.1 for leading and organizing a criminal activity involving five or more culpable participants.  He acknowledges that he was the leader and organizer of a drug conspiracy involving four culpable participants, but contends that the District Court's factual finding that the conspiracy involved five or more participants was clearly erroneous because it was based on unreliable hearsay testimony.  Specifically, he argues that the statements of Mota and Torres, in which they identified additional participants in the conspiracy, were inconsistent and uncorroborated, and thus not sufficiently reliable.  We disagree.

The Federal Rules of Evidence do not apply at a sentencing hearing, and in making findings of fact, a district court may rely on hearsay provided that it bears some "minimal indicium of reliability beyond mere allegation." *United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (citation omitted). Here, the hearsay statements of Torres and Mota, offered through the testimony of Officer Millan, were largely consistent with each other and with the other evidence in the case. Torres and Mota described the hierarchy of the drug organization in similar ways, and their statements regarding the way in which the organization operated were consistent with the observations of investigating officers. Significantly, Torres and Mota both stated that three other individuals assisted in the packaging of drugs for the organization, and both uniquely identified one of these individuals as a "dwarf" named "Bolo." Rodriguez's suggestion that the District Court could only credit Torres's and Mota's statements regarding "Bolo's" involvement if they provided a "last name" and "contact information" is meritless. It is entirely plausible that Torres and Mota knew the individual only by an alias, and that they were never required to contact him. Moreover, the amount of cash recovered from Rodriguez's home suggests that his organization moved a significant amount of drugs, which makes Mota's and Torres's statements that the organization needed additional individuals to bag heroin completely plausible. In light of these facts, the District Court's finding that Rodriguez was the leader of a drug organization involving at least five individuals was not clearly erroneous.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.