**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 16-1240
————————

UNITED STATES OF AMERICA

v.

BEVERLY HANNIBAL,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-14-cr-00291-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 9, 2016

Before: JORDAN, VANASKIE, and KRAUSE, *Circuit Judges*

(Opinion filed: October 20, 2016)

————————

O P I N I O N*

————————

KRAUSE, *Circuit Judge*

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant Beverly Hannibal contends the District Court erred in denying her motions to withdraw her guilty plea and to continue her sentencing hearing, and she challenges the reasonableness of her sentence. For the reasons stated below, we will affirm.

## I. Background[1]

While Hannibal was being treated for cancer, she qualified for the services of an in-home personal care worker funded by the Medicaid Home and Community Based Services Attendant Care Program. Under the program, she was authorized to hire a care worker, who would receive payment after Hannibal submitted timesheets reporting the hours the caregiver worked. Hannibal hired her nephew and a friend and submitted time sheets for work that she claimed they performed between 2013 and 2014. After Hannibal was interviewed by the FBI and confronted with evidence that she submitted time sheets for hours when neither care worker had actually provided services, she admitted that she had submitted fraudulent reports and had received a portion of the proceeds from the resulting payments.

Hannibal pleaded guilty to a single count of health care fraud in violation of 18 U.S.C. § 1347. In anticipation of sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR"), to which Hannibal filed objections. Before sentencing

---

[1] Because we write primarily for the parties, we provide background only as relevant to the issues on appeal.

took place, however, Hannibal's counsel withdrew, citing Hannibal's failure to cooperate with her to prepare for sentencing.

Hannibal's new counsel filed a motion to continue the sentencing date based on Hannibal's failure to appear or late appearance at four different appointments he had attempted to schedule with her to prepare for sentencing and her failure to provide him with medical records and information concerning potential witnesses. The District Court granted that continuance. Two days before the new sentencing date, however, counsel filed a motion on Hannibal's behalf to withdraw her guilty plea. When the parties appeared as scheduled, the District Court heard argument on the withdrawal motion and denied it.

At that point, Hannibal's new counsel made an oral motion to continue sentencing "because of the difficulties in communicating with Ms. Hannibal" and her unwillingness to discuss the PSR or her objections with him or to provide him with information concerning her objection as to loss amount. App. 33a. After confirming with Hannibal that she had received a copy of the PSR, had reviewed it and discussed objections with prior counsel, and had not provided either her former or new counsel with information they requested on loss amount or her medical condition, the District Court denied the further continuance and proceeded to sentencing.

Hannibal was sentenced to ten months' imprisonment, two years of supervised release, and the payment of a $100 special assessment and $43,614.65 in restitution.

3

**II.     Discussion**[2]

Hannibal argues that the District Court erred in denying her motion to withdraw her guilty plea, in declining to continue her sentencing hearing, and in imposing sentence based on an improper loss calculation. We address each argument in turn.

**A.     Denial of Hannibal's Motion to Withdraw Her Guilty Plea**

We review the District Court's denial of Hannibal's motion to withdraw her guilty plea for abuse of discretion. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at [her] whim. Rather, pursuant to Federal Rule of Criminal Procedure 32(e), a defendant must have a 'fair and just reason' for withdrawing a plea of guilty." *Id.* (citations omitted). In evaluating such a request, we consider "(1) whether the defendant asserts [her] innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* The burden of establishing grounds for withdrawal is on the defendant, and that burden is substantial. *Id.* Here, the District Court considered each of these factors and did not abuse its discretion in concluding Hannibal failed to meet her burden.

As to the first factor, the District Court had a reasonable basis for discrediting Hannibal's belated assertion of innocence. Such an assertion must be supported by some facts in the record, and the defendant must supply sufficient reasons to explain her

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

change in position before the district court.  *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001).  Here, however, Hannibal offered only her own proffer of her mental state, claiming she was innocent because she was confused by the forms used to report her care workers' hours and lacked fraudulent intent.  In rejecting that testimony, the District Court took note of the "overwhelming" evidence of intent, including evidence that Hannibal billed for aid services during a time when both she and the nephew purportedly caring for her were in jail and evidence that she continued to fraudulently bill for services even after the FBI approached her.  App. 32a.  In addition, Hannibal had expressly admitted at the plea hearing that she received payments for individuals she knew had not attended to her care during the periods of time she reported.

In considering the next factor, the District Court also reasonably found that the two grounds put forward by Hannibal for withdrawing her guilty plea lacked credibility. The first, that Hannibal allegedly felt pressured by her original counsel to plead guilty was contrary to her statement under oath at the plea proceeding that no one had "persuaded, induced, threatened or coerced [her] in any way to enter a plea of guilty." Change of Plea Hr'g Tr. 8, June 22, 2015, ECF No. 86.  And aside from the fact that her original counsel withdrew on the basis of an "irreparable breakdown in the attorney/client relationship," Hannibal offered no evidence or explanation about how her original counsel in any way interfered with her decision to plead guilty.  Appellee's Br. 20; Mot. to Withdraw as Att'y ¶ 9, Oct. 15, 2015, ECF No. 56.  Hannibal's second ground, that her thinking allegedly was "clouded by medications" at the time of the plea, Appellant's Br.

5

13, also lacked support in the record and was contrary to her plea allocution. In response to a specific question asked by the District Court as part of its colloquy, Hannibal reported that no medications prevented her from understanding the proceedings. Thus, no credible evidence supported Hannibal's contention that her plea was anything but knowing and voluntary.

The record also supports the District Court's determination as to the third factor, that is, that the Government would be prejudiced by a withdrawal. Hannibal argues that, because she sought to withdraw her plea less than a year after it was entered, the witnesses and documents still would have been available. The Government represented, however, that Hannibal's delay in waiting until the "eve of sentencing" to withdraw her plea would make it difficult to reassemble witnesses and gather evidence for trial, App. 27a, and, as the District Court pointed out, that prejudice was heightened by the fact that the underlying conduct dated back to three years before the withdrawal motion.

In sum, the District Court considered each of the relevant factors and did not abuse its discretion in determining that Hannibal did not establish a "fair and just reason" to withdraw the plea.

### B.     Denial of Hannibal's Motion for Continuance

Hannibal next claims that the District Court abused its discretion in denying her new counsel's request for a second continuance of sentencing after her withdrawal motion was denied. We only unsettle a denial of a continuance of a sentencing hearing where it was "arbitrary and it substantially impaired the defendant's opportunity to

6

receive a fair sentence." *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007). An opportunity for a fair sentence "requires that a defendant receive notice of, and a reasonable opportunity to comment on, (a) the alleged factual predicate for his sentence, and (b) the potential punishments which may be imposed at sentence." *United States v. Ausburn*, 502 F.3d 313, 322 (3d Cir. 2007). Those requirements were met here.

As the District Court confirmed before denying Hannibal's motion for a second continuance, Hannibal had received and reviewed the PSR with the Government's loss calculation; she discussed her objections with her original counsel; and she did not provide either her former or new counsel with information they requested on loss amount or her medical condition. Moreover, Hannibal had had nearly four months since her counsel filed objections to obtain evidence of what she claimed was a more accurate loss figure but instead of doing so or working with her counsel to do so, she missed or was late for four different appointments her new counsel tried to schedule with her.

Under these circumstances, the District Court reasonably concluded that Hannibal failed to cooperate with the efforts of her defense counsel to prepare for sentencing, that she had sufficient notice and opportunity to be heard regarding sentencing, and that a second continuance was not warranted.

### C.    Reasonableness of Hannibal's Sentence

Hannibal's last argument is that her sentence was unreasonable because it was based on an erroneous loss calculation. Where, as here, "the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an

abuse of discretion only if the district court's findings are clearly erroneous." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). They were not.

Here, Hannibal's PSR indicated that as a result of her fraud, the Government paid out a total of $45,514.65, subjecting her to a six-level enhancement under U.S.S.G. § 2B1.1(a)(2) and resulting in a Guidelines range of ten to sixteen months' imprisonment. Once the Government made out its prima facie case of the amount of loss, "the burden of production shift[ed] to the defendant to provide evidence that the Government's evidence [was] incomplete or inaccurate." *United States v. Jimenez*, 513 F.3d 62, 86 (3d Cir. 2008); *see also* U.S.S.G. § 2B1.1 Application Note 3(F)(viii) (stating that, in the case of a conviction for a federal health care offense involving a government health care program, the dollar amount of fraudulent bills submitted to the program "is evidence sufficient to establish the amount of the intended loss, if not rebutted"). Hannibal argued that the Government's loss figure should be reduced by the amount retained by her nephew and his friend for services actually rendered, but she proffered no evidence to substantiate the amount of that reduction. And while she asserted that her nephew and his friend had received some in-kind benefits like housing and food and had retained more than the $300 and $1,600, respectively, that they represented to government investigators, the District Court found Hannibal's testimony lacked credibility. Crediting the statements by the care workers, the District Court reduced the loss amount by the $1,900 they reported being paid, resulting in a loss figure of $43,614, which was still in excess of the $40,000 threshold for a six-level enhancement.

8

Hannibal argues that her testimony should have been credited above the mere "hearsay" reports of her nephew and his friend for a reduction below that $40,000 threshold. Appellant's Br. 19. But hearsay testimony may be introduced at a sentencing hearing, so long as it has some "minimal indicium of reliability," *United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (quoting *United States v. Kikumura*, 918 F.2d 1084, 1102 (3d Cir. 1990)), and the care workers' reports were made in the course of interviews with investigators—a context that gives them sufficient indicia of reliability to be considered by the District Court.

To the extent Hannibal's argument might be construed as a challenge to the substantive reasonableness of her sentence, it is also meritless. Substantive reasonableness is reviewed under an abuse-of-discretion standard, regardless of whether the sentence falls within the Guidelines range, *Wise*, 515 F.3d at 218, and here, far from abusing its discretion, the District Court based its decision on a careful and meaningful review of the factors enumerated in 18 U.S.C. § 3553(a), including Hannibal's commission of the offense while on probation, her prior conviction involving forgery, and the need for deterrence.

In sum, we discern neither procedural nor substantive error in the District Court's calculation of loss and imposition of sentence.

III. **Conclusion**

For the foregoing reasons, we will affirm Hannibal's conviction and sentence.