**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2175
_____

UNITED STATES OF AMERICA

v.

GLENVERT GREEN,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-16-cr-00259)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 1.2
January 18, 2018

_____

Before: AMBRO, RESTREPO, *and* FUENTES, *Circuit Judges*

(Filed: April 10, 2018)

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*

Appellant Glenvert Green appeals the District Court's ruling prohibiting the cross-

_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

examination of the victim at Green's sentencing hearing.  We will affirm.

**I**

In March of 2016, Green was incarcerated at United States Penitentiary Allenwood in White Deer, Pennsylvania.  On March 9, 2016, Green left his housing unit but remained in the "sally port," an area through which inmates enter and exit the unit.  Green waited until Senior Officer Jacqueline Showers, a federal Bureau of Prisons correctional officer, entered the sally port to monitor the metal detector.  Once Officer Showers and Green were alone and standing within feet of one another, Green exposed his penis and began to masturbate.  While doing so, he made sexual remarks to the officer.  Officer Showers ordered him to stop, but Green refused and continued his conduct until Officer Showers radioed for assistance.

On December 20, 2016, Green pled guilty to indecent exposure, pursuant to the Assimilated Crimes Act, 18 U.S.C. § 13, in violation of Pennsylvania law, 18 Pa. C.S. § 3127.

On May 11, 2017, the District Court sentenced Green to 21 months' imprisonment, to be served consecutively to his current sentence.  At the sentencing hearing, Officer Showers elected to give a victim impact statement on the record. Defense counsel sought to cross-examine her and the Government objected.  After hearing argument from both parties, the District Court found that the questions proffered by Green's counsel would not elicit relevant testimony and sustained the objection.

On appeal, Green argues that the Court's ruling prohibiting the cross-examination of Officer Showers after her victim impact statement violated the Confrontation Clause

and Green's due process rights.  As a result, he asks us to vacate the judgment of sentence and remand his case for a new sentencing hearing.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We review constitutional claims *de novo*, except where, as here, the issues were not raised in the court below.  In these instances, we review such claims for plain error.  *Government of Virgin Islands v. Vanterpool*, 767 F.3d 157, 162 (3d Cir. 2014) (citing *United States v. Marcus*, 560 U.S. 258, 262 (2010)).  "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  Fed. R. Crim. P. 52(b).  Appellate courts may correct unpreserved error only when (1) there is an "error," (2) that is "plain," (3) that affects the complaining party's "substantial rights," and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 736 (1993) (citing *Connor v. Finch*, 431 U.S. 407, 421 n.19 (1977)).

## III

Pursuant to the Crime Victims' Rights Act (CVRA), victims have "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(4); *see also* Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of crime who is present at sentencing and must permit the victim to be reasonably heard.").  "Under the CVRA, courts may not limit victims to a written statement."  *United States v. Vampire*

3

*Nation*, 451 F.3d 189, 197 n.4 (3d Cir. 2006). At the sentencing hearing, Officer Showers elected to testify to the impact Green's conduct had on her mental state, both at home and in the workplace.

Green argues first that the Court's ruling to prohibit the cross-examination of Officer Showers violated the Confrontation Clause. He acknowledges, however, that the law is settled that the Confrontation Clause does not apply in the sentencing context. *See United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) ("Both the Supreme Court and this Court of Appeals have determined that the Confrontation Clause does not apply in the sentencing context[.]"); *United States v. McGlory*, 968 F.2d 309, 347 (3d Cir. 1992) ("The Sixth Amendment's confrontation clause does not apply to sentencing hearings and reliable hearsay is generally admissible. . . ."); *United States v. Kikumura*, 918 F.2d 1084, 1099-1100 (3d Cir. 1990) (holding that the Confrontation Clause applies at trial, not sentencing). Because Green did not have the right to confront Officer Showers at his sentencing, the claim that he was deprived of the opportunity to do so does not pose a viable ground for relief.

The assertion that Green's due process rights were violated by the District Court's ruling to prohibit cross-examination is similarly unfounded. The Due Process Clause requires that victim impact statements must have some "minimal indicium of reliability beyond mere allegation" to be admissible at sentencing hearings. *Robinson,* 482 F.3d at 246 (quoting *Kikumura*, 918 F.2d at 1102); *see also United States v. Paulino*, 996 F.2d 1541, 1547 (3d Cir. 1993) ("[T]he introduction of evidence at sentencing is subject to [a] due process standard of reliability.") Green does not contend that Officer Showers'

4

testimony was insufficiently reliable to be properly considered by the District Court in imposing sentence. He instead asserts, without citation to legal authority, that his due process rights entitled him to cross-examine the victim because she testified to the circumstances of the offense. This assertion, however, is refuted by controlling law. *See Williams v. New York*, 337 U.S. 241, 250-51 (1949) (holding that consideration of information supplied by witnesses at sentencing who are not subject to cross-examination did not violate Due Process Clause); *U.S. ex rel. Gerchman v. Maroney,* 355 F.2d 302, 309 (3d Cir. 1966) ("It is undoubtedly true that the guarantee of the right of confrontation and cross-examination does not apply to sentencing pursuant to a criminal conviction.")

Accordingly, because Green is unable to show a violation of the Confrontation Clause or his due process rights, we will affirm the sentence of the District Court.