**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory Scott HERMANSKI a/k/a Steve Lambert, Defendant–Appellant.**

**No. 87–5467 Nonargument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1988.

Michael J. O'Kane, Ft. Lauderdale, Fla., (Court-appointed), for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Bruce E. Lowe, Linda C. Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Gregory Scott Hermanski a/k/a Steve Lambert appeals from his conviction of armed bank robbery and using a firearm to commit a felony. Because none of the claims petitioner raises on appeal have merit, we affirm the judgment of the district court.

Hermanski contends that the government violated the 70–day limit of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (West 1985), which provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs.

Hermanski's dispute with the government concerns the date of his first appearance before a judicial officer of the district court which would trigger the Act's 70–day timetable. Hermanski contends that his first appearance was December 16, 1986, when he appeared before U.S. Magistrate Snow on a probation revocation charge, and that the Act was violated when more than 70 includable days elapsed before the commencement of trial on May 19, 1987. The government asserts that Hermanski's first appearance on the charges in the instant case was his arraignment in district court on February 3, 1987. If February 3 is taken as the starting date of the 70–day period, it is clear that trial commenced within the statutory period.[1]

Hermanski's appearance before Magistrate Snow on December 16, in a different division of the district court in which he was tried for armed robbery, concerned probation revocation charges unrelated to the charges in the instant case. At the December 16 hearing, no mention was made of the instant indictment. Mention was made of the two robberies which underlay the instant indictment, but there is no indication in the record that they formed the sole basis of the probation revocation charges.[2]

Hermanski argues that any appearance before a judicial officer of the court in which the charge at issue is pending would commence the 70–day statutory clock. This position is untenable as a matter of law and administrative policy. We hold that section 3161(c)(1) of the Speedy Trial Act requires that a defendant be brought to trial within seventy days from the later of the filing date of the information or indictment, or the date the defendant has appeared *in connection with the charge* before a judicial officer of the court in which such charge is pending. Thus, where a defendant appears on unrelated charges, his appearance does not trigger the statutory timetable. *See United States v. Mers,* 701 F.2d 1321, 1332 n. 6 (11th Cir.), *cert. denied,* 464 U.S. 991, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983) ("If a defendant has appeared before a judicial officer in connec-

---

1. Hermanski does not take issue with the government's calculations that 32 includable days elapsed between February 3 and May 19.

2. Hermanski asserts in his Reply Brief that the December 16 hearing was "not 'entirely unrelated' to the instant case; it was founded on the same two bank robberies which formed the basis of the instant case." Reply Brief of Appellant 8. However, in his argument in the district court Hermanski's counsel conceded that, al-

though a reference to the bank robbery was made at the December 16 hearing, the instant indictment was not mentioned. R2:11–12, 21. The district court concluded that on December 16, "He was in district court where this indictment was pending but [prosecution] and counsel both agree that these charges or the fact of this indictment was not mentioned and he was not before the magistrate for that purpose." R2:23.

tion with the charge prior to the filing of the indictment, then the speedy trial clock commences on the date the indictment was filed"); Judicial Conference of the United States, Committee on the Administration of the Criminal Law, *Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended,* Speedy Trial Advisory Issuance, #33 at 7, August 28, 1981 ("If the defendant has appeared before a judicial officer in connection with the charge prior to the filing of the information or indictment, therefore, and the judicial officer was an officer of the court in which the information or indictment is filed, the time for trial is ordinarily measured from the filing date"). To read the statute to apply to all appearances before a judicial officer of the court, including those that related to charges other than those in the indictment at issue, would present an insurmountable obstacle to prosecutors seeking to satisfy the statute's 70–day limit.[3]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**3.** We have carefully considered Hermanski's other claims and they do not merit discussion.

Petitioner's motion, contained in his Reply Brief, to supplement the record is denied.