# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1736

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Christopher Levell McFadden, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 21, 2008
Filed: May 1, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Christopher McFadden appeals from the district court's[1] order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

McFadden pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of a mixture containing cocaine base and to using a communication facility to distribute cocaine base. He was sentenced to 108 months' imprisonment.

Although McFadden's original drug quantity-driven sentencing range was 188 to 235 months' imprisonment, he faced a 108-month statutory maximum (five-year maximum on the conspiracy charge, see 18 U.S.C. § 371, and a four-year maximum on the use of communication facility, see 21 U.S.C. § 843(b)(d)), which became his guidelines sentencing range, see USSG § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

A two-level decrease based on drug quantity would result in a sentencing range of 151 to 188 months' imprisonment, with the result that McFadden's newly calculated guideline range would still be limited by USSG § 5G1.1(a) and would remain unchanged at 108 months. McFadden is thus not entitled to a reduction under Amendment 706. See USSG § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if–[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

The district court's judgment denying McFadden any relief pursuant to the retroactive amendments is summarily affirmed. See 8th Cir. R. 47A(a).

_____