

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# USA v. Mark Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mark Wright" (2009). *2009 Decisions.* Paper 1499.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1499

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3011

———————

UNITED STATES OF AMERICA

v.

MARK WRIGHT,
                    Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 93-cr-00386-005
District Judge: The Honorable Harvey Bartle, III

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009

Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge*[*]

(Filed: April 22, 2009)

———————

OPINION

———————

STEARNS, *District Judge.*

Mark Wright appeals the District Court's denial of a motion for reduction of his

sentence pursuant to 18 U.S.C. § 3582(c)(2).  On February 25, 1994, Wright was convicted

———————

[*]The Honorable Richard G. Stearns, District Judge for the United States District Court
for Massachusetts, sitting by designation.

of conspiracy to distribute in excess of 50 grams of cocaine base (crack cocaine) and possession with intent to distribute 5 grams or more of cocaine base. The District Court sentenced Wright to the Guidelines range of life imprisonment (reduced to 360 months to life in 1998 as a result of an intervening Guidelines amendment). However, the District Court denied a subsequent Amendment 706 request to modify the sentence further "as Wright had distributed over 97 kilograms of cocaine base."[1] Because the District Court did not err in denying Wright's request for a reduction in his sentence, we will affirm.

I.

On August 25, 1993, a grand jury in the Eastern District of Pennsylvania returned an indictment against Wright and four co-defendants charging Wright with one count of conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One), and one count of possession of more than five grams of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Four). The evidence at trial established that Wright was a central figure in the Leath organization, a criminal gang that manufactured and distributed crack cocaine in West Philadelphia from at least 1986 through 1992. The jury found Wright guilty on both Counts.

The Presentence Investigation Report (PSR) prepared by the Probation Office for the June 20, 1994 sentencing hearing determined that Wright's base offense level for

---

[1]Amendment 706 modified the Guidelines ranges applicable to crack cocaine offenses; it has the general effect of "decreas[ing] by two levels the [crack cocaine] base offense levels." *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008). On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments set out in U.S.S.G. § lB1.10(c) that may be applied retroactively (effective March 3, 2008).

distributing in excess of 15 kilograms of cocaine base was 42.[2]  The base offense level was increased by one level because some of Wright's drug activity had taken place near a school, by an additional two levels because of Wright's possession of a firearm in connection with his drug trafficking, and finally, by an additional three levels because of Wright's managerial role in the organization, resulting in a total offense level of 48.  Under the Guidelines Manual in effect at the time, an offense level of more than 43 was scored at the maximum offense level of 43. The PSR determined Wright's Criminal History Category to be III, resulting in a Guidelines sentence of life imprisonment.  The District Court adopted the PSR's Guidelines calculation and sentenced Wright to a term of life.[3]  Wright's conviction and sentence was affirmed by this Court on April 27, 1995.

In 1998, the District Court reduced Wright's sentence as a result of a 1996 Guidelines amendment that generally decreased the base offense levels for drug offenses.[4]  The District Court applied the amended base offense ceiling of 38, and also concluded that Wright should not have received the three-level enhancement for his role in the offense.  With this seven-

---

[2]During Wright's sentencing hearing, the Court found that he was responsible for the distribution of more than 97 kilograms of cocaine base.  In his Reply Brief, Wright insists that "he was never held accountable for 97 kilograms of cocaine," despite the history of his involvement in the drug trafficking conspiracy limned in the PSR.  Reply Brief at 2-3.  Chief Judge Bartel's June 3, 2008 decision found this assertion flatly contradicted by the record in the trial court. *See  U.S. v. Wright*, 2008 WL 2265272, *2 (E.D. Pa. June 3, 2008).

[3]The Court also imposed five years of supervised release and a $100 special assessment.

[4]That amendment set a maximum base offense level of 38 for drug crimes involving crack cocaine offenses (instead of the previous level of 42).  The new maximum offense level applied to any offense involving more than 1.5 kilograms of cocaine base.

level reduction, Wright's adjusted offense level was 41. Given a Criminal History Category of III, his Guidelines range was now 360 months to life. The Court reduced Wright's sentence to 360 months.

On March 3, 2008, Wright filed a *pro se* motion for a further two-level sentence reduction under 18 U.S.C. § 3582(c)(2). The District Court denied the motion, finding that Wright did not qualify for an adjustment in his base offense level under Amendment 706. The Court further ruled that Wright was not entitled to relief under *United States v. Booker*, 543 U.S. 220 (2005). Wright's subsequent motion to "alter" the judgment was also denied.

II.

The District Court's determination that Wright was ineligible for a reduction of sentence based on a retroactive Guidelines amendment is subject to plenary review. *United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002). We review the District Court's denial of White's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008).

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As the wording of the statute makes clear, Wright was not eligible for a reduction

4

because Amendment 706 does not have the effect of lowering Wright's Guidelines range.[5]
*See United States v. Mateo*, __ F.3d __, 2009 WL 750411 (3d Cir. March 24, 2009); *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. McFadden*, 523 F.3d 839, 840-841 (8th Cir. 2008) (*per curiam*).  Rather, the revised Guidelines apply a base offense level of 38 to any offense involving 4.5 kilograms of cocaine base or more.  Here, the District Court found at the original sentencing hearing that Wright was responsible for the distribution of a quantity of crack cocaine far in excess of 4.5 kilograms (97 kilograms).  Accordingly, Wright's base offense level remains at level 38, his total adjusted offense level at 41, and his Guidelines range at 360 months to life.  Because there was no reduction in Wright's base offense level or sentencing range, the District Court did not err in denying his motion for a reduction in sentence.[6]  We will therefore affirm the judgment of the District Court.

---

[5]In its revisions to § 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in a lowering of the applicable sentencing range.  Specifically, §(a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . .  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).

[6]In his brief Wright asks this Court "to remand for a full-resentencing hearing" should we "determine[] that a non-guideline sentence is required."  The Court may not revisit other sentencing issues in evaluating a request for relief under Section 3582 (c).  *See United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) ("It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed.  In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.").