NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3097
_____

UNITED STATES OF AMERICA,

v.

MARKEIF FIELDS, a/k/a MARKIEF DON'TE PARKER,
a/k/a KIEF,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(4:CR-06-144)
District Judge:  Honorable Malcolm Muir

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 21, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

Opinion Filed: August 12, 2010

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge

Markeif Fields appeals the District Court's 113-month prison sentence after

-1-

pleading guilty to one count of conspiracy with intent to distribute and distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we will affirm.

## I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issue on appeal. Fields and Devin Hockaday were involved in a conspiracy to distribute crack cocaine to co-conspirator Jimmy Dale Doebler. They sold one to one and one-half ounces of crack to Doebler between three and four times per week between 2005 and 2006. Occasionally, Fields and Hockaday would receive firearms from Doebler as payment for the drugs. Eventually, Fields and Hockaday arranged for Kalief Fields to purchase the crack cocaine from suppliers in Philadelphia and deliver it to Doebler in Northumberland County. Doebler would then resell the crack cocaine in the surrounding area. A government informant purchased drugs from Doebler, which tipped off the authorities to the scheme. Police ultimately arrested the four men and charged Fields with conspiracy to possess with intent to distribute and distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Fields entered a guilty plea on the charge.

At sentencing, the District Court determined the Guideline sentencing range to be 113 to 137 months. Fields sought a downward variance pursuant to the crack/powder cocaine differential. The Court denied his request and sentenced him to113 months'

imprisonment.

## II.

Fields raises one issue on appeal—whether the District Court imposed a substantively unreasonable sentence when it declined to vary downward from the Guidelines range based upon the crack/powder cocaine differential. We review the reasonableness of Fields' sentence for abuse of discretion. See United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008).

Appellate review of a district court's sentencing decision is ordinarily twofold. We begin "by 'ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "If the sentencing decision passes that first stage of review, we then, at stage two, consider its substantive reasonableness." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). "An estimation of the outer bounds of what is 'reasonable' under a given set of circumstances may not always be beyond debate, but the abuse-of-discretion standard by which that estimation must be judged limits the debate and gives district courts broad latitude in sentencing." Id.

Fields' challenge to the District Court's decision not to vary downwards based upon the crack/powder cocaine differential is directed at the sentence's substantive reasonableness,[1] and we thus direct our attention solely to that question. Fields is correct that the District Court had the discretion to so vary, see Kimbrough v. United States, 552 U.S. 85, 110 (2007), but it was not required to do so. In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity is 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." Id. at 110. The Supreme Court went further in Spears v. United States when it stated that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." --- U.S. ----, 129 S. Ct. 840, 843-844 (2009). Thus, district courts have the discretion to apply the existing crack/powder ratio or to implement their own ratio, so long as they articulate a reasonable explanation for their decision. "[T]he district court must set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Merced, 603 F.3d 203, 215-216 (3d Cir. 2010) (internal quotation marks omitted).

Here, the Court concluded that a variance would create a sentencing disparity

---

[1] Fields does not suggest that the District Court committed procedural error by erroneously concluding that it lacked discretion to vary from the crack cocaine Guidelines.

between Fields and his co-defendants, one of whom had already been sentenced within the crack Guidelines range. We have held that "[a]lthough § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so." United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006). In the District Court's view, giving Fields the benefit of this variance, while imposing the crack/powder ratio on another conspirators would create an undue sentencing disparity between the co-defendants. In an attempt to avoid unwarranted disparities between co-defendants, the judge refused to grant this downward variance, which does not constitute an abuse of discretion. Id.

Additionally, the Court concluded that the serious nature of Fields' offense precluded a downward variance. The conspirators pled guilty to transporting and distributing large amounts of crack cocaine in exchange for money and drugs. In the District Court's view, giving Fields the benefit of the crack/powder variance would understate the seriousness of the offense and would work to undermine the deterrent and punitive purposes of the punishment. These considerations provide further support for the District Court's decision not to vary downward based upon the crack/powder cocaine differential. That is, the Court weighed the competing factors under § 3553(a) and determined that the imposition of the Guidelines' crack/powder ratio resulted in an appropriate sentence. We see no abuse of discretion in this decision.

**III.**

For the foregoing reasons, we affirm the District Court's judgment.