NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-1366 and 09-1687
_____

UNITED STATES OF AMERICA

v.

THOMAS D. JONES,
Appellant
_____

UNITED STATES OF AMERICA

v.

ANTWOYNE NEAL,
Appellant
_____

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00378-001 and 002)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before: SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion Filed: November 8, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

In this consolidated case, Appellant Thomas Jones appeals his conviction and sentence for use of a communication facility to facilitate the distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 843(b), and Appellant Antwoyne Neal appeals his conviction and sentence for possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). We will affirm.[1]

**Factual & Procedural Background**

Because we write solely for the benefit of the parties who are familiar with the factual context and procedural history of this case, we will recite only the facts relevant to our analysis. Before the filing of the indictment in this matter charging him with unlawful distribution and conspiracy to distribute a substantial amount of crack cocaine, Appellant Jones was out on bail prior to reporting to serve a 21-month prison sentence for unrelated charges of receiving stolen property. On August 16, 2006, Judge Caldwell revoked his bail based on his parole violation. After the filing of the instant indictment on November 8, 2006, Jones appeared before Magistrate Judge Smyser on February 27, 2007 for his arraignment.

He thereafter filed a motion to dismiss the Indictment under the Speedy Trial Act, 18 U.S.C. § 3161(c), alleging illegal delay between his appearance in front of Judge Caldwell on the unrelated stolen property offense and the date set for trial on the instant drug trafficking claim before Judge Smyser. The magistrate judge rejected his motion,

---

[1] The District Court exercised subject matter jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

and Jones eventually entered into a plea agreement to plead guilty to a four-count Superseding Information. The Information charged Jones with violation of 21 U.S.C. § 843(b). The District Court sentenced Jones to the maximum term of imprisonment of 192 months.

It was alleged that as part of his trafficking operation, Jones supplied Appellant Neal with crack cocaine. After arrest, Neal admitted in two interviews that he regularly received several kilograms of crack cocaine from Jones and distributed it through a number of dealers. Neal was charged with possession with intent to distribute crack cocaine, and, in exchange for his guilty plea, the government agreed to recommend a three-level reduction for acceptance of responsibility. The government also agreed to make a non-binding recommendation that the amount of crack cocaine and cocaine hydrochloride involved for purposes of the advisory guideline range was between 150-500 grams and 5 kilograms respectively. Neal further agreed to cooperate and the government committed to file a motion for departure pursuant to U.S.S.G. § 5K1.1 if that cooperation amounted to substantial assistance.

The Pre-Sentence Investigation Report did not credit Neal with acceptance of responsibility, proposed that a two-level increase should be given for a leadership role in the offense, U.S.S.G. § 3B1.1(c), and determined that 1.2 kg of crack cocaine were involved. Due to an offense level of 38 and a criminal history category of IV, the guideline imprisonment range was 324-405 months, while the charge bargain provided a maximum penalty of 20 years. After conducting a hearing on Neal's subsequent objections, the District Court adopted the drug quantity in the Report and accepted Neal's

3

opposition to a two-level enhancement for possession of a deadly weapon. The Court granted the parties' requests for a three-level reduction for acceptance of responsibility and a downward departure pursuant to § 5K1.1, sentencing Neal to 168 months imprisonment.

Jones appeals (1) the District Court's denial of his motion to dismiss the charges for an alleged violation of the Speedy Trial Act, and (2) the District Court's allegedly unreasonable imposition of an overly harsh sentence in light of 18 U.S.C. § 3553(a). Neal appeals (1) the District Court's determination of the drug quantity from the information available at sentencing, (2) the District Court's application of a leadership enhancement at sentencing due to his role in the offense, and (3) the District Court's alleged failure to vary from the guidelines due to the disparity in sentencing between crack and powder cocaine.

**Discussion**

Appellant Jones contends that his incarceration for 91 days on unrelated charges after indictment on the charges in this matter violated the Speedy Trial Act and the Due Process Clause. The Act provides as follows:

> [T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Jones asserts that his arrest and August 16, 2006 appearance before Judge Caldwell for bail revocation on the stolen property offense qualified under section 3161(c)(1) as the requisite appearance for the instant offense, and, thus, the 70-

4

day time period began to run as soon as the subsequent Indictment in this matter was filed on November 8, 2006.

Jones's argument is unavailing.[2]  We agree with our fellow Circuit Courts of Appeals that only an appearance on the charges in the relevant indictment should factor in the seventy-day computation.  *See, e.g.*, *United States v. Hermanski*, 861 F.2d 1240, 1241 (11th Cir. 1988) ("Where a defendant appears on unrelated charges, his appearance does not trigger the statutory time table"); *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001) (noting that indictment for a separate offense does not start the seventy-day time calculation).  Indeed, section 3161(h)(1) expressly provides that "[a]ny period of delay resulting from *other proceedings* concerning the defendant" shall be excluded from the time computation.  As such, Jones' appearance in regard to his stolen property offense and bail revocation did not affect the computation on the relevant drug trafficking indictment.

Moreover, in *United States v. Willaman*, 437 F.3d 354, 358 (3d Cir. 2006), we noted that "[w]hen there is no pre-indictment appearance because an information or indictment is the first step in a criminal case, then postindictment arraignment will be the relevant 'last occurring' date."  Accordingly, we ruled that a defendant's appearance before a magistrate judge to set bail on the relevant indictment did not start the Speedy Trial clock since the defendant did not actually plead to the alleged crime in that initial

---

[2] We review a district court's factual findings for clear error, and apply a *de novo* standard of review towards a district court's interpretation of statutes and application of the law to the facts.  *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

5

appearance. *Id.* at 357. Instead, the 70-day period was only triggered by the defendant's subsequent arraignment and plea of not guilty on the indictment. *Id.* Considering that Jones originally appeared for an unrelated offense and did not plead to the instant charges in that bail revocation hearing, the District Court properly denied the motion to dismiss.

Jones next argues that his sentence of 192 months unfairly exceeded the sentences given to the other allegedly similarly-situated defendants in the case, who received sentences of 87 and 97 months. He claims that the other defendants played larger roles in the drug trafficking, and their substantial cooperation with the government "does not override the need for sentencing consistency" pursuant to 18 U.S.C. § 3553.

We disagree. "In reviewing a sentence for reasonableness . . . we first look to whether the District Court correctly calculated the applicable advisory guidelines range. Next, we determine whether the record shows the District Court gave 'meaningful consideration to the § 3553(a) factors' . . . . Lastly, we evaluate whether the District Court reasonably applied the § 3553(a) factors to the particular circumstances of the case." *United States v. Greenidge*, 495 F.3d 85, 102 (3d Cir. 2007) (internal citations & quotations omitted). "[O]ur review is, to a great degree, deferential, because we recognize that the trial court is in the best position to determine the appropriate sentence." *Id.* (internal citations omitted). Jones does not claim that the court incorrectly calculated the range, and his contention that the court failed to consider the disparity in sentences is incorrect. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) ("§ 3553(a) does not require district courts to consider sentencing disparity among co-defendants."). The

District Court properly considered and weighed the section 3553 factors and we will affirm.

Appellant Neal contends that the District Court erred in attributing a specific amount of drugs to him for purposes of sentencing based upon his admissions to police during two separate interviews. Although he concedes that no *Miranda* issues are implicated, he asserts that "the real issue is whether an uncorroborated, self-serving statement, in that the statement served as the beginnings of the Appellant's downward departure of assisting the government . . . was so reliable as to base the Appellant's sentence upon said statement." (Neal Br. at 13.)

Neal's argument is unpersuasive. Findings of fact in connection with the application of the Sentencing Guidelines are reviewed for clear error, *see Gall v. United States*, 128 S. Ct. 586, 597 (2007), and "assessments of credibility by the trial court are entitled to great deference at the appellate level," *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003). The District Court credited the DEA Special Agent's testimony at the sentencing hearing that Neal admitted when he was first arrested to selling the amount of crack cocaine found by the court. Neal again admitted during a proffer session – in the presence of counsel – that he previously distributed "substantially larger amounts than the 1.2 kilograms that the district court found." This admission formed the basis of the government's motion for a § 5K1.1 downward departure for substantial assistance. Neal advanced no explanation for why he would have inflated the amount of drugs attributed to him in his own admissions if that amount was actually lower and warranted a lesser sentence. When combined with the DEA agent's testimony about Neal's separate

7

admission at the time of his arrest, Neal's admission in exchange for the § 5K1.1 downward departure passes the "minimal indicia of reliability threshold." *See generally United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) ("The evidence offered by the Government through the testimony [of the special agent] easily passes" the threshold).

Neal further contends that the District Court improperly applied a leadership enhancement to his sentence, in spite of his alleged lack of control over other individuals. He argues that he lacked decision-making authority, was a "low-level grunt," never recruited anyone to join in the conspiracy, played no part in the planning or organizing, and obtained smaller quantities of cocaine than his codefendants. This argument is well rebutted by the record. Sentencing enhancement for a manager or supervisor under U.S.S.G. § 3B1.1(c) is appropriate where a person "directed and controlled at least one individual." *United States v. Bethancourt*, 65 F.3d 1074, 1081 (3d Cir. 1995). The probation officer properly determined – based on Neal's own admissions – that Neal played a leadership role by utilizing numerous distributors to sell his crack cocaine, and was thus a leader, manager or supervisor in the criminal activity. Neal's "self-described role" in distributing the drugs – and his failure to deny the accuracy of the Pre-Sentence Investigation Report – confirms that the District Court did not clearly err in adopting the factual findings of the Report.

Neal's final contention posits that the District Court erred by failing to apply a 1:1 sentencing ratio between crack and powder cocaine. He urges that the court should have rejected the "insidious nature of the crack/cocaine sentencing disparity" because it

8

"fosters disrespect for and lack of confidence in the criminal justice system because of a widely-held perception that it promotes unwarranted disparity based on race." (Neal Br. at 26) (*citing Spears v. united States*, 129 S. Ct. 840 (2009), and *Kimbrough v. United States*, 552 U.S. 85, 94 (2007)).

This argument must also fail. In *United States v. Arrelucea-Zamudio*, we observed that "a district court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." 581 F.3d 142, 149 (3d Cir. 2009) (citation omitted). Indeed, district courts **may** categorically reject the disparity, but are not obligated to so depart. *United States v. Russell*, 564 F.3d 200, 204 (3d Cir. 2009) (emphasis added); *see also United States v. Fields*, 2010 WL 3180274 (3d Cir. Aug. 12, 2010) ("[D]istrict courts have the discretion to apply the existing crack/powder ratio or to implement their own ratio."). Neal failed to raise the disparity issue at sentencing and the District Court did not clearly err by choosing to abide by the prescribed Guidelines.

## Conclusion

For the foregoing reasons, we will affirm the District Court's decisions on all grounds.