DLD-027                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3524
_____

UNITED STATES OF AMERICA

v.

THOMAS D. JONES,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of
(D.C. Civil No. 06-cr-00378-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
October 31, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 7, 2013)
_____

OPINION
_____

PER CURIAM

        Thomas Jones, proceeding pro se, appeals from the denial of his motion for a

reduced sentence.  For the reasons that follow, we will summarily affirm the order of the

District Court.

I.

In October 2008, Jones entered a guilty plea to four counts of use of a communication facility to facilitate the distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 843(b). At sentencing, he stipulated that he qualified as a career offender under the Sentencing Guidelines, and that he therefore had a criminal history score of VI. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. Jones further stipulated that his offense involved between 1.5 to 4.5 kilograms of crack cocaine, resulting in a base offense level of 36 under the then-applicable U.S.S.G. § 2D1.1(c)(2). Because he pled guilty, Jones received a two-level reduction in the base offense level for acceptance of responsibility, see U.S.S.G. § 3E1.1, and his guidelines sentence range was calculated to be 262-327 months. However, Jones' four counts of conviction each carried a maximum sentence of four years, allowing for at most 16 years' imprisonment (192 months). See 21 U.S.C. § 843(d)(1). Under U.S.S.G. § 5G1.1(a), that maximum sentence became the final guideline sentence, and the District Court gave Jones a sentence of 192 months. This Court affirmed. United States v. Jones, 408 F. App'x 600 (3d Cir. 2010).

In December 2011, Jones filed a motion to reduce his sentence, arguing for the application of Amendment 750, which reduced the crack-related offense levels in § 2D1.1 of the Guidelines, and Amendment 759, which made Amendment 750 retroactive. The District Court appointed the Federal Public Defender's Office to represent Jones on the motion shortly thereafter, and no further action was taken on the motion for well over a year, during which Jones unsuccessfully moved to vacate his judgment under 28 U.S.C. § 2255. In June 2013, Jones' counsel requested permission to

2

withdraw "because Amendment 750 does not permit a reduction in Mr. Jones' sentence under 18 U.S.C. § 3582(c)(2), because he was sentenced as a career offender." Motion to Withdraw, ECF No. 525. The District Court agreed with that analysis, granted counsel's motion to withdraw, and denied Jones' motion to reduce his sentence. Jones now appeals.

## II.

We begin with a question of timeliness and appellate jurisdiction. To be timely, a defendant's notice of appeal in a criminal case must be filed in the District Court no later than 14 days after the challenged order is entered. Fed. R. App. P. 4(b)(1)(A). A § 3582(c)(2) motion is considered a continuation of the criminal proceedings and, accordingly, the 14-day period for filing a notice of appeal applies. See United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting cases). Here, Jones did not file his notice of appeal until August 16, 2013—more than 50 days after the District Court denied his motion. Nonetheless, we will review the merits of this appeal because the 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has not objected. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (holding that the Court may exercise jurisdiction where the Government fails to object to the timeliness of an appeal in a criminal case).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and may affirm the District Court's order on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011). We review de novo the District Court's legal

interpretation of the relevant statutes and guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2). See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's order if it clearly appears that no substantial question is presented. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

A defendant's sentence may be reduced under § 3582(c)(2) only if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). "[T]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." Thompson, 682 F.3d at 290 (quoting Mateo, 560 F.3d at 155); see also U.S.S.G. § 1B1.10(a)(2)(B).

Jones sought a reduction in light of Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines" and Amendment 759, which made Amendment 750 retroactive. United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). At most, the amended Guidelines would have reduced his base offense level by two points to 34.[1] Given his acceptance of responsibility and criminal history, his

---

[1]An offense involving 1.5 to 4.5 kilograms of cocaine base, as Jones stipulated occurred here, would receive a base offense level of 34 or 36. Under the amended Guidelines, an offense involving between 840 grams and 2.8 kilograms of cocaine base has a base offense level of 34, see U.S.S.G. § 2D1.1(c)(3), while an offense involving between 2.8 kilograms and 8.4 kilograms of cocaine base has a base offense level of 36, see U.S.S.G. § 2D1.1(c)(2).

4

amended guidelines range would be 210-262 months—a considerable reduction from the 262-327 month range calculated at sentencing.

However, the guidelines range does not represent "the end result of the overall guideline calculus" in this case. Thompson, 682 F.3d at 290. Jones fails to account for U.S.S.G. § 5G1.1(a), which requires that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." See also U.S.S.G. § 5G1.2 cmt. n.1 (noting that a guideline sentence "may be affected or restricted by a statutorily authorized maximum sentence . . . not only in a single-count case . . . but also in a multiple-count case."). Here, Jones' amended guidelines range still exceeds the statutory maximum sentence. Accordingly, under § 5G1.1(a), his final guideline sentence would be the statutory maximum, 192-months—the same sentence calculated under the old Guidelines. Because Amendment 750 has no effect on the end result of Jones' overall guideline calculus, we agree with the District Court's determination that he is ineligible for a reduction in his sentence under § 3582.[2] Mateo, 560 F.3d at 155; see

_____

[2] The District Court agreed with Jones' counsel that he was ineligible for a reduction in his sentence because he was sentenced as a career offender, but his sentence was not based on the career offender guidelines. The guideline for career offenders has its own sentencing ranges, with offense levels determined by reference to the statutory maximum sentences authorized for various offenses of conviction. See U.S.S.G § 4B1.1. If the career offender offense level "is greater than the offense level otherwise applicable, the offense level from the [career offender] table . . . shall apply." Id. In Jones' case, the four-year statutory maximum sentence available for his crimes of conviction resulted in a career offense level considerably lower than the offense level "otherwise applicable," i.e., that provided by § 2D1.1(c), and the career offender guideline therefore did not apply. Because Jones is nevertheless ineligible for a reduction in his sentence, this error was

5

also Thompson, 682 F.3d at 290-91; United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008) (per curiam) (affirming the denial of a § 3582(c)(2) motion where the operation of § 5G1.1(a) negated the effect of otherwise applicable guidelines amendments).

IV.

There being no substantial question presented by this appeal, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

harmless.