NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3745
_____

UNITED STATES OF AMERICA

v.

JO BENOIT,
a/k/a Elissa Jo Benoit

JO BENOIT,
             Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-11-cr-00617-001
District Judge: The Honorable Norma L. Shapiro

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 20, 2013

Before:  AMBRO, SMITH, *Circuit Judges*
and O'CONNOR,[*] *Associate Justice (Ret.)*

(Filed: November 26, 2013)
_____

OPINION
_____


SMITH, *Circuit Judge.*

---

[*] The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

In 2008, Jo Benoit founded Transition Phase III, a mental health clinic in Philadelphia, Pennsylvania, and served as its chief executive officer. Pennsylvania's licensing requirements require mental health clinics to have at least sixteen hours per week of supervision by a licensed psychiatrist. Benoit operated the clinic from the start with less than the required hours of psychiatric supervision. Indeed, at times, after the psychiatrists Benoit had hired stopped working at the clinic, she operated the clinic without any psychiatric supervision. Although Benoit was not licensed as a therapist, psychologist or psychiatrist, she held herself out as a psychiatrist, and provided counseling to clients. She stipulated at trial that she had no authority to write prescriptions. Yet she prescribed several schedule II controlled substances to her clients, some of whom were minors. In order to prescribe the medication, Benoit used the names and identifying information of two psychiatrists who no longer worked at the clinic. Benoit also submitted fraudulent claims for her services to several insurance companies.

In October of 2011, a grand jury returned an indictment against Benoit. Two months later, a superseding indictment was filed, charging Benoit with twenty-five counts of health care fraud in violation of 18 U.S.C. § 1347, twenty-five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, eight counts of distributing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C), and eighteen counts of distributing controlled substances to persons under the age of 21 in violation of 21 U.S.C. § 859. The superseding indictment also sought the forfeiture of assets derived from the gross proceeds of the fraudulent scheme.

After extensive pretrial motions, a jury trial commenced on June 5, 2012. The jury found Benoit guilty on all charges. At sentencing, the United States District Court for the Eastern District of Pennsylvania calculated an advisory guideline range of 168 to 210 months. The Court sentenced Benoit to 72 months of imprisonment, six years of supervised release, and ordered restitution in the amount of $422,583.62. No fine was imposed. This timely appeal followed.[1] For the reasons set forth below, we will affirm.

Benoit's counsel, who represented her at trial, filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

record that might arguably support the appeal.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we instructed that the "duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). "An appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Id.* at 301 (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). If our review fails to reveal any nonfrivolous issues, we "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering the *Anders* brief and Benoit's own pro se brief,[2] we are satisfied that counsel has conscientiously examined this record for appealable issues. We agree with counsel that there are no non-frivolous issues for appeal.

With regard to Benoit's convictions, we agree that there is no basis for setting aside Benoit's conviction on any of the counts. Benoit complains that stipulations were admitted into evidence and that she was neither advised of these stipulations nor agreed to waive any right to cross-examine these witnesses. We see no error. We have recognized that defense counsel has the ultimate authority

---

[2] Our local appellate rule requires notice to the appellant and affords the appellant an opportunity to submit her own pro se brief. 3d Cir. L.A.R. 109.2(a). Benoit took advantage of this opportunity.

to decide issues concerning "what evidence should be introduced [and] what stipulations should be made[.]" *Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1434 (3d Cir. 1996) (omitting internal quotation marks and citation).

Benoit asserts that she was not required to have a degree to be the chief executive officer of the state licensed clinic. There is no dispute in that regard. But the law required licensing as a psychiatrist, which necessarily requires a medical degree, to prescribe the medicine and charge for services rendered. The stipulation established that she was not licensed.

Counsel also correctly notes that Benoit cannot challenge the District Court's ruling that her prior conviction would be admissible under Federal Rule of Evidence 609(a) to impeach her if she chose to testify on her own behalf. As the Supreme Court held in *Luce v. United States*, 469 U.S. 38, 43 (1984), "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Because Benoit did not testify, she cannot challenge the District Court's ruling on the Rule 609 motion.

Benoit also attacks her convictions, arguing that the government failed to present the testimony of any expert. Expert testimony was not required here, as the evidence presented was understandable. *See* Fed. R. Evid. 702(a) (permitting the admission of expert testimony to "help the trier of fact understand the evidence").

5

Benoit challenges the credibility of some of the trial witnesses. Because issues of credibility are for the jury to determine, we construe her argument as a challenge to the sufficiency of the evidence. *See Kansas v. Ventris*, 556 U.S. 586, 594 n.* (2009) (observing that "it is the province of the jury to weigh the credibility of competing witnesses"). We "review the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). Our review of the record compels the conclusion that there was sufficient evidence to establish beyond a reasonable doubt each element of each of the charged offenses.

In concluding that there was sufficient evidence to support her convictions, we reject Benoit's contention that her convictions cannot stand because no witness testified that she signed the prescriptions. Circumstantial evidence supports the jury's conclusion that Benoit falsely issued the prescriptions.

Benoit also asserts that some of the prosecutor's comments were improper. In the *Anders* brief, counsel identified two statements by the prosecution that, he explained, did not amount to improper vouching but were rather comments on the evidence presented at trial. *See United States v. Saada*, 212 F.3d 210, 225 (3d Cir. 2000). We agree. Our review of the record fails to reveal any prosecutorial vouching.

6

Benoit contends that the jury selection was flawed because there was only one African-American male and the jury was "not a valid cross section of the community." In order to establish a prima facie violation of the fair cross section requirement of the Sixth Amendment and the Jury Selection and Service Act, 28 U.S.C. § 1861, a defendant must show: "(1) the group alleged to be excluded is a 'distinctive' group in the community; (2) the representation of this group in jury venires is not 'fair and reasonable' in relation to the number of such persons in the community; and (3) the underrepresentation is caused by the 'systematic' exclusion of the group in the jury selection process.'" *United States v. Weaver*, 267 F.3d 231, 237 (3d Cir. 2001) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Benoit has not attempted to show any of these elements, and we conclude that, without more, her bald assertion does not merit relief.

Benoit also complains that her counsel was not given adequate preparation time and that the Court erred by failing to grant a continuance. Presumably, this claim relates to current counsel, who was appointed to represent Benoit a month before trial, and after prior counsel had withdrawn. Because counsel did not seek a continuance of trial, there can be no error in denying a continuance.

Benoit's pro se submission also asserts that her convictions should be set aside because the District Court's failure to suppress evidence violated her constitutional rights. Inasmuch as there was no motion to suppress evidence filed

7

by Benoit, we conclude that the issue was waived. *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008).

Benoit submits that her convictions should be set aside because the District Court erred in failing to conduct a competency hearing. The record fails to support Benoit's assertion. In response to a motion by the defense, the District Court ordered a competency evaluation. The examining practitioner found Benoit competent for trial. A mental health evaluation also was ordered before sentencing, and that report was provided to counsel for the parties and the District Court with the presentence investigation report. In the absence of some evidence to suggest that counsel and the Court erred by proceeding with the sentencing, we see no ground for vacating the sentence.

We also agree with counsel that there is no reason to vacate Benoit's sentence and to remand for further proceedings. As counsel noted, the District Court carefully considered the various factors bearing on Benoit's sentence. It scrutinized the evidence pertaining to the amount of loss and employed a conservative method that relied on actual payments received by the clinic from insurance companies and patients. There was no error in this approach.

Nor is there any merit to the assertion that Benoit was deprived of notice of the sentencing factors the District Court identified as possible grounds for an upward departure. There was no upward departure.

Benoit takes issue with the admissibility of the evidence adduced at sentencing. We conclude that it was properly considered. Contrary to Benoit's assertion, she was not deprived of her right to confront and cross-examine the victims. *See United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (concluding that the Confrontation Clause does not apply to sentencing). The hearsay that was admitted was not improper, as it contained an indicia of reliability. *Id.*

In sum, the District Court carefully considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and Benoit's counsel was afforded ample opportunity to present an argument for a downward variance. In light of this, and mindful of the substantial downward variance granted by the Court, we agree with counsel that the sentence is neither procedurally nor substantively unreasonable. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (instructing that "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided").

Benoit asserts in her pro se submission that the fine was "excessive" and "unjustly high." This claim lacks merit, as no fine was imposed. Benoit also contends that the $422,583.62 ordered as restitution was incorrect. "[W]e review specific awards of restitution for abuse of discretion." *United States v. Crandon*,

9

173 F.3d 122, 125 (3d Cir. 1999). We find no abuse, as the amount is consistent with the loss computed by the District Court, which was supported by the evidence.

In sum, we agree with counsel's assessment of Benoit's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).